Filed 8/30/13  Decker v. Hanna CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROBERT DECKER,<br><br>        Plaintiff, Cross-defendant, and Respondent,<br><br>v.<br><br>MICHAEL HANNA et al.,<br><br>        Defendants, Cross-complainants, and Appellants. | E054778<br><br>(Super.Ct.No. HEC10003149)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge.

Michael James Hanna and Megan Yvette Roderick, in propria persona, for

Defendants, Cross-complainants, and Appellants.  Affirmed.

No appearance for Plaintiff, Cross-defendant, and Respondent.

1

Defendants, cross-complainants, and appellants, Michael James Hanna and Megan Yvette Roderick, failed to pay rent on the apartment they leased from plaintiff, cross-defendant, and respondent, Robert Decker. Decker filed an unlawful detainer action against Hanna and Roderick. The first trial date was set, Hanna and Roderick did not appear (asserting that they were having car trouble), and a judgment was entered against them. The trial court granted their motion for relief from default brought pursuant to Code of Civil Procedure section 473, subdivision (b)[1] and set another trial date. On the second trial date, Hanna and Roderick failed to appear (again claiming car trouble), a court trial proceeded in their absence, and a judgment in favor of Decker in the amount of $4,989.77 was entered against Hanna and Roderick. Hanna and Roderick brought another motion for relief from default, in addition to a motion for new trial under section 657, which were denied by the trial court.

Hanna and Roderick now claim on appeal that the trial court exceeded its jurisdiction by denying their motions for new trial and relief from default. Decker has not filed a responding brief.

We conclude that the trial court did not abuse its discretion by denying the motions for relief from default and for new trial.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2010, Decker filed a complaint for unlawful detainer against Hanna and Roderick for the property located at 680 San Marcos Drive in Hemet. The monthly rent was $1,000. A three-day notice to quit was personally served on Hanna on August 4, 2010. Hanna and Roderick were in arrears $1,700 for July and August 2010. Decker requested possession of the premises, past due rent of $1,700, reasonable attorney fees, forfeiture of the agreement, and $33.33 per day that they remained in possession of the property after the notice was served.

A lease agreement and an addendum to the agreement were attached to the complaint. The lease had been extended for one year from November 24, 2009 to November 24, 2010. Hanna and Roderick moved into the residence and assumed the lease signed by the former tenant.

Hanna and Roderick filed a motion to quash service of the complaint, which was denied. They also filed a demurrer, which was denied.

Hanna and Roderick filed an answer to the complaint and raised affirmative defenses. Hanna and Roderick claimed that Decker used an unlicensed and illegal property manager; the three-day notice improperly included late fees and failed to credit past rent overpayments and deduct costs incurred by them; they were being discriminated against; Decker threatened Hanna; there was a breach of the implied warranty of

habitability; the eviction was retaliatory; and Decker failed to install locks on the property.

Decker requested the matter be set for a nonjury trial. Hanna and Roderick wanted a jury trial. The request for a jury trial was granted and it was set for November 8, 2010.

Hanna and Roderick filed a motion for summary judgment arguing Decker was not the owner of the property. A quitclaim deed was attached showing a transfer of the property from Decker to a family trust. Decker signed the lease as an individual. Decker filed opposition to the summary judgment motion, arguing the motion was deficient and that there were many disputed issues that should be determined by the trier of fact. Hanna and Roderick filed a reply to the opposition.

The motion for summary judgment was denied without prejudice. The trial court advised Decker to prove that he was a beneficiary of the trust or amend the complaint. A hearing was held on November 8, 2010. At that time, Hanna and Roderick surrendered the property to Decker and the case was converted to an unlimited civil case. The trial date was continued to January 14, 2011.

On November 12, 2010, Hanna and Roderick requested leave to file a cross-complaint. They sought to vacate the trial date in order to conduct further discovery. The trial court granted leave to file a cross-complaint, but refused to vacate the trial date. On November 29, 2010, Hanna and Roderick filed their cross-complaint for damages. They alleged causes of action for breach of contract, nuisance, fraud, negligence, and

4

intentional infliction of emotional distress.  They were seeking return of their security deposit, attorney fees, and punitive and statutory damages.  Decker filed an answer.

A notice of confirmation of the trial date set for January 14, 2011, was sent by Decker's counsel to Hanna and Roderick.  On January 11, Hanna and Roderick filed an ex parte request to vacate the trial date to conduct discovery.  At a hearing conducted on January 12, the request was denied.

On the date of trial, January 14, 2011, Hanna and Roderick did not appear.  The matter proceeded as a court trial.[2]  Judgment was entered for Decker in the amount of $4,956.64, including attorney fees and costs.

On January 27, 2011, Hanna and Roderick filed their *first* motion to set aside the default judgment pursuant to section 473, subdivision (b).  They claimed that Hanna was ill for the court appearance, and on the way to the appearance, got in a traffic accident.  Hanna and Roderick claimed that they contacted Decker's counsel, but the message was not relayed to the trial court.  Hanna claimed he suffered from depression and had medical conditions that warranted continuances.  Hanna was considered disabled by the Veteran's Administration.  It impacted his ability to drive.

---

[2]  Hanna and Roderick have not provided the reporter's transcript for the proceeding.  The record includes the reporter's transcript from the morning showing the matter was sent out to the trial court, but the court proceedings at which judgment was entered is not included.  Hanna and Roderick do not dispute the proceedings on that day (in fact they do not include in their facts that they had a previous failure to appear in the opening brief) so we need not have the reporter's transcript prepared.  We rely on the motion filed by Hanna and Roderick, the reply by Decker, and the minute order from January 14, 2011.

5

Hanna declared that on his way to trial on January 14, he was involved in an automobile accident and the car could not be fixed to continue the commute to trial. He claimed he notified the trial court and opposing counsel.

On February 14, 2011, Decker filed opposition. Decker's counsel noted that Hanna and Roderick had sought to vacate the trial several times. They failed to prove that they contacted the trial court regarding their car trouble despite contacting the court on numerous prior occasions. Decker's counsel averred he never received any calls from Hanna and Roderick on that day.

At a hearing conducted on February 22, 2011, Hanna advised the trial court that he had been in an accident and that the tow truck had come sometime after noon. Hanna had tried to contact a clerk at the court, but was unsuccessful. Hanna was unable to provide a towing receipt despite the trial court insisting that he should have been given one. Decker's counsel denied that he ever received a message from Hanna and the trial did not proceed until late in the afternoon. The trial court did note that it found some of the things that Hanna claimed were "questionable." The trial court granted relief (based on excusable neglect) and set the court trial for March 11, 2011. Sanctions in the amount of $500 were imposed against Hanna and Roderick, which they paid.

The trial was continued to May 23, 2011, at 9:30 a.m. On that day, Hanna and Roderick did not appear at 9:30 a.m. They called the court and claimed they had a flat tire. The trial court continued the matter until 1:30 p.m., but they still did not appear. The trial proceeded without their presence. Decker put on his case regarding the

6

nonpayment of rent and damages. Decker's property manager testified regarding service of the notice to quit and the amount of damages.

The trial court read and considered the case file. Total judgment was entered (joint and several against Hanna and Roderick) for Decker in the amount of $4,989.77. The cross-complaint was dismissed with prejudice for failure to prosecute. Judgment was entered on that date.

Not surprisingly, Hanna and Roderick filed motions for relief from default and a motion for new trial on August 8, 2011, on grounds of excusable neglect. They argued that a motion for new trial under section 657, clause 3. should be granted due to "accident or surprise." Hanna submitted a declaration that he and Roderick were on their way to court when they got a flat tire. They called the court advising them they were going to be late. It took until 1:35 p.m. to obtain a new tire. When they arrived at court at 2:00 p.m., the matter had already been heard. A receipt for the purchase of two new tires dated May 23, 2011, was attached.

Decker's counsel filed opposition, noting this was the second motion and it was purely for delay purposes. Decker argued the documents and declaration submitted by Hanna were insufficient to prove they got a flat tire on the way to trial. It appeared they orchestrated car repairs that day to excuse their absence. Decker's counsel was not contacted on May 23, 2011. Hanna and Roderick filed a reply.

The trial court heard the motions for relief from default and new trial on September 26, 2011. The trial court confirmed that the judgment and dismissal of the

cross-complaint applied to both defendants. The trial court modified its prior order by changing the dismissal of the cross-complaint to without prejudice. The trial court noted: "We're in effect not talking about a default at all. What you're really asking for is a motion to set aside a dismissal and also the judgment rendered following a failure to appear at the court trial."

The trial court considered the motion to be a motion to set aside dismissal of the cross-complaint under section 473, subdivision (b). It concluded there was no evidence of mistake, inadvertence, surprise or excusable neglect to warrant relief. The trial court noted that a prior failure to appear had resulted in dismissal and then reinstatement. Further, there was no showing of what alternative means were taken in order for Hanna and Roderick to be present at trial on this date. Hanna and Roderick were only 30 minutes from the courthouse and had options to get to the trial. The trial court ruled that it would not grant the motion for relief. For similar reasons, it denied the motion for new trial.

A notice of appeal was filed on October 5, 2011, from the orders issued on September 26, 2011, signed by both Hanna and Roderick.

II

SECTION 473, SUBDIVISION (b)

Hanna and Roderick claim that the trial court erred by denying their motion to set aside the dismissal of the cross-complaint brought under section 473, subdivision (b).

"The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)[3] "While section 473 authorizes a court to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, 'these words are not meaningless, and the party requesting such relief must *affirmatively show* that the situation is one which clearly falls within such category.' [Citation.] '[A] party who seeks relief under [section 473] must make a showing that due to some mistake, either of fact or of law, of himself or of his counsel, or through some inadvertence, surprise or neglect which may properly be considered excusable, the judgment or order from which he seeks relief should be reversed. In other words, a burden is imposed upon the party seeking relief to show why he is entitled to it, and the assumption of this burden necessarily requires the production of evidence. [Citations.]'" (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623-624.) Moreover, to entitle a party to relief, the acts which

_____

[3] Section 473, subdivision (b) provides for both discretionary and mandatory relief. (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 256-257.) Since Hanna and Roderick represented themselves, the mandatory provisions did not apply.

9

brought about the dismissal must have been the acts of a reasonably prudent person under the same circumstances. (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58.)

A trial court's ruling on a discretionary motion for relief is reviewed for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc., supra,* 28 Cal.4th at p. 257.)

Here, Hanna and Roderick filed requests to vacate the original trial date on numerous occasions. When their request was denied, they failed to appear at the first trial, claiming they had been in a car accident. The trial court granted them relief despite questioning the veracity of the claims. On the date of the second trial, they again claimed car trouble. The receipt they provided to the trial court merely showed that at 1:35 p.m. on the day set for trial, Roderick had bought two new tires. There was no receipt from a tow truck driver or any documentation showing that they had a flat tire. Moreover, nothing was provided to the trial court to show why they could not appear at 9:30 a.m. even if they had a flat tire. The trial court could reject the excuse given by Hanna and Roderick and determine that any failure to prosecute the cross-complaint was due to their own neglect.

Based on their history with the court in these proceedings, the trial court did not abuse its discretion by dismissing the cross-complaint for failure to prosecute, and did not err by denying the motion for relief filed pursuant to section 473, subdivision (b).

III

MOTION FOR NEW TRIAL UNDER SECTION 657, CLAUSE 3.

Hanna and Roderick additionally claim that their motion for new trial should have been granted on the grounds of accident or surprise under section 657, clause 3.

Initially, we note that the motion for new trial appears to have been untimely filed. Judgment was entered on May 23, 2011. Any notice of intention to move for a new trial must be filed within 15 days after the clerk mails the notice of entry of judgment, or within 180 days of entry of judgment, whichever is earliest. (§ 659.) No proof of service for the entry of judgment has been included in the record. Hanna and Roderick filed their motion for new trial on August 8, 2011. Hanna and Roderick have failed to meet their burden on appeal of providing a sufficient record in order to resolve the issue they have raised on appeal. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) "'Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error. [Citations.]" (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) However, since the trial court reviewed their claim on the merits, we will review their claim.

New trial motions are granted only on the grounds enumerated in section 657. (*Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 79.) Section 657 provides, in relevant part, as follows: "The verdict may be vacated and

11

any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] 3. Accident or surprise, which ordinary prudence could not have guarded against."

"'The terms "accident" and "surprise," although not strictly synonymous, have, as used in legal practice, substantially the same meaning, as each is used to denote some condition or situation in which a party to a cause is unexpectedly placed, to his injury, without any default or negligence of his own [citation], which ordinary prudence could not have guarded against. [Citation.]' [Citations.]" (*Kauffman v. De Mutiis* (1948) 31 Cal.2d 429, 432.)

We review an order denying a motion for new trial for abuse of discretion. (*Sandoval v. Los Angeles County Dept. of Public Social Services* (2008) 169 Cal.App.4th 1167, 1176, fn. 6.) "[W]e affirm the trial court's factual determinations, whether express or implied, if supported by substantial evidence. [Citations.]" (*Ibid.*)

Simply put, the trial court either did not believe Hanna and Roderick that they had a flat tire at the time of trial and/or they failed to provide an adequate excuse as to why they failed to obtain alternative transportation. Hanna and Roderick had failed to appear at a prior trial date because of an automobile accident, which made their second claim of car trouble incredulous. Further, the documentation provided to the trial court only established that Roderick bought two new tires on the day of trial at 1:35 p.m.; it did not establish she and Hanna had a flat tire that morning or why they could not appear in court

12

at the scheduled time of 9:30 a.m.  We cannot say the trial court abused its discretion by rejecting the motion for new trial.

IV

DISPOSITION

The judgment is affirmed.  Because of the nonappearance by Decker, no costs are awarded on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

Acting P. J.

We concur:

MILLER _____

J.

CODRINGTON _____

J.

13